IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO JONES, | : | CIVIL NO. 1:CV-07-2129 |
| | : | |
| Plaintiff | : | JUDGE SYLVIA H. RAMBO |
| | : | |
| v. | : | |
| | : | |
| LAWERENCE EARLY, *et al.*, | : | |
| | : | |
| Defendants | : | |

# M E M O R A N D U M

Before the court is a motion to dismiss the complaint of Plaintiff Alonzo Jones for abandonment of action by Plaintiff, filed on behalf of Defendants, several employees of the Capitol Pavilion Community Corrections Center ("Capitol Pavilion CCC") in Harrisburg, Pennsylvania. (Doc. 19.) For the reasons that follow, the motion will be granted.

**I.    Background**

On November 21, 2007, Plaintiff, an inmate formerly incarcerated at the Capitol Pavilion CCC, filed this *pro se* civil rights action pursuant to the provisions of 42 U.S.C. § 1983, claiming that the Center's medical staff was deliberately indifferent to his medical needs. (Doc. 1.) Along with the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On December 14, 2007, the court granted Plaintiff's motion to proceed *in forma*

*pauperis* and directed service of the complaint on the defendants named therein. (Doc. 8.)

On January 31 and February 5, 2008, waivers of service were returned as to all Defendants. (*See* Docs. 10-11.) In response to the complaint, Defendants filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, claiming that "Plaintiff's complaint is a 10-page jumble of narrative statements interspersed with hand-written numbered paragraphs and pre-printed forms." (Doc. 14.) The court denied the motion on April 15, 2008, and directed Defendants to file an answer or otherwise respond to Plaintiff's allegations. (Doc. 15.) The court's order was returned as undeliverable as to Plaintiff on April 23, 2008. (*See* Doc. 16.)

On May 9, 2008, Defendants filed an answer to the complaint. (Doc. 17.) Defendants served Plaintiff with the answer that same day at his address at the Capitol Pavilion CCC. (*See* Doc. 19, Ex. B.) The answer was returned as undeliverable. (*See* Doc. 19, Ex. C.)

On August 5, 2008, the court issued a scheduling order which, *inter alia*, set the deadline for completion of discovery for October 6, 2008. (*See* Doc. 18.) Defendants served Plaintiff with interrogatories and document requests at the Capitol Pavilion CCC address on September 5, 2008. (*See* Doc. 19, Ex. D.)

2

However, these discovery requests were returned as undeliverable. (*See* Doc. 19, Ex. E.) Defendants sent a courtesy copy of the discovery requests to the address to which Plaintiff had been released from Capitol Pavilion CCC.[1] (Doc. 19 at 2.) The cover letter of the discovery requests, dated September 5, 2008, directs Plaintiff to contact Defendants' counsel about scheduling his deposition for this case. (*See* Doc. 19, Ex. D.) To date, Plaintiff has not responded to Defendants' discovery requests or made himself available for a deposition. Further, the time period for discovery has expired.

## II.   Discussion

Following the initiation of this action, Plaintiff was provided with a copy of this court's Standing Practice Order which provides in relevant part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 7 at 5.)

---

[1] In the instant motion, Defendants recite that address as follows: 42 N. State Street, Apt. 2B, York, Pennsylvania, 17403. (Doc. 19 at 2.) To date, Plaintiff himself has not informed the court of his release from Capitol Pavilion CCC or provided his forwarding address.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).[2]  In *Link*, the United States Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id.* at 629-30.

Although it appears that a period of over six months has elapsed since Plaintiff was released from Capitol Pavilion CCC, he has failed to advise the court of his current whereabouts. *See supra* note 1 at 3. In fact, the court has not

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure states, in pertinent part:

(b) Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

Under *Link*, the Supreme Court expressly stated that Rule 41(b) does not prohibit a court from dismissing *sua sponte* an action under Rule 41(b) or otherwise. *See Link*, 370 U.S. at 630-31 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

received any communication whatsoever from Plaintiff since the filing of the complaint almost a year ago.  Consequently, the court has no means of communicating with Plaintiff or discerning his interest in continuing with this action.[3]

Thus, it is clear that Plaintiff has failed to comply with the court's Standing Practice Order.  Plaintiff's failure to provide the court with his current address has clearly delayed and prevented the resolution of this matter.  Under these circumstances, it would be a waste of judicial resources to allow this action to continue.

Since the inability of the court to communicate with Plaintiff is solely the result of his own actions and prevents the taking of any other sanctions, this court is satisfied that based on the present circumstances, dismissal for failure to prosecute is warranted.  *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).  Consequently, pursuant to Federal Rule of Civil Procedure 41(b), Defendants' motion to dismiss will be granted and Plaintiff's complaint will be dismissed for both failure to prosecute and comply with a court order.

---

[3] Clearly, Plaintiff has also failed to communicate with Defendants in matters pertaining to discovery.  (*See* Doc. 23.)

An appropriate order follows.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: November 25, 2008.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALONZO JONES,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-07-2129 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **EARLY,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

**AND NOW**, this 25th day of November, 2008, upon consideration of Defendants' motion to dismiss (Doc. 19), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss for failure to prosecute (Doc. 19) is **GRANTED**.

2. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint is **DISMISSED** for failure to prosecute and comply with a court order.

3. The motion to compel discovery (Doc. 20) is **DENIED** as moot.

4. The motion for summary judgment (Doc. 21) is **DENIED** as moot.

5. The Clerk of Court is directed to **CLOSE** this case.

6. Any appeal taken from this order will be deemed frivolous, without

probable cause, and not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

                                                      s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated:  November 25, 2008.